UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 00-4820

CHARLES KEITH,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-97-4)

Submitted: April 20, 2001

Decided: May 29, 2001

Before WIDENER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kevin D. Mills, LAW OFFICES OF KEVIN D. MILLS, Martinsburg,
West Virginia, for Appellant. Melvin W. Kahle, Jr., United States
Attorney, Paul T. Camilletti, Assistant United States Attorney, Whee-
ling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM

Charles Keith appeals his conviction and sentence to 260 months imprisonment. On December 5, 1997, Keith was convicted on eighteen of twenty-seven counts against him, including conspiracy to distribute cocaine. For the following reasons, we affirm.

Keith raises several bases for challenging his sentence, three of which are premised on the Supreme Court's decision in Apprendi v. New Jersey, 520 U.S. 466, 120 S. Ct. 2348 (2000). First, Keith argues that because the maximum statutory sentence for any count of which he was convicted was 240 months, his 260 month sentence violates Apprendi. However, the total offense level for all the counts of which Keith was convicted yields a sentencing range of 235 months to 293 months. Where the total term of imprisonment based on a defendant's aggregate criminal conduct exceeds the maximum statutory penalty for any one offense of which he was convicted, a sentencing court must impose a partially consecutive sentence in order to reflect the total punishment. United States Sentencing Guidelines Manual § 5G1.2(d). We have previously decided that sentencing in this manner does not violate Apprendi. United States v. White, 238 F.3d 537, 543 (4th Cir. 2001).

Next, Keith argues that because the jury was not charged with drug quality or purity, his sentence violates Apprendi. Drug type is indeed a fact that, under Apprendi, must be submitted to a jury and proved beyond a reasonable doubt, before the penalty for a crime may be increased beyond the prescribed statutory maximum. See United States v. Nance, 236 F.3d 820, 824 (7th Cir. 2000). However, because Keith's sentence did not exceed the statutory maximum for any count of which he was convicted, it was not necessary for the jury to determine drug quantity or quality in his case. See id. Furthermore, in order to determine whether a mixed substance qualifies as a particular

2

type of drug, only trace amounts of the controlled substance need be present in that mixture. See 21 U.S.C.A.§ 812(c), sched. II (a)(4) (West 1981 & Supp. 1999). In light of Schedule II's definition of cocaine, the jury was presented with ample evidence linking Keith to substances containing various proportions of cocaine, which Keith does not challenge.

Nor is Keith's third claim based on Apprendi, that the sentencing court erred in applying enhancements to his base offense level in determining what sentence range to apply, sufficient to overturn his conviction. This court has previously held that"Apprendi does not apply to a judge's exercise of sentencing discretion within a statutory range," including the imposition of enhancements. United States v. Kinter, 235 F.3d 192, 200-01 (4th Cir. 2000). Accordingly, because Keith was sentenced within the statutory range for each count of which he was convicted, this claim is without merit as well.

Keith next points to a series of alleged errors at trial, which he claims in the aggregate prejudiced his defense. Specifically, Keith contends that a) the jury was impermissibly allowed to collect and give money to a specific juror to defray the cost of her babysitter, b) he was denied an opportunity to participate in the jury selection process, c) a juror talked about the case while at home, d) a particular juror did not hear evidence presented in an audio tape, e) the jury received exhibits not admitted into evidence, f) two witnesses conspired to manufacture testimony against him, g) the Government was allowed to make unnecessary and prejudicial reference to a crime outside the activities charged in the indictment, h) witnesses testified they purchased drugs from him while he was incarcerated, i) there was insufficient evidence linking him to a co-conspirator, and j) the Government's tape recording of a witness' participation in a telephone conversation constitutes an illegal wiretap. However, we have reviewed the briefs and trial transcripts, and find these claims to be meritless both individually and collectively.

Finally, Keith argues his trial counsel was ineffective. However, a claim on direct appeal based upon ineffective assistance of counsel may only be heard when it appears conclusively on the trial record that the defendant was not provided effective representation. See United States v. Hoyle, 33 F.3d 415, 418-19 (4th Cir. 1994) (explain-

3

ing that claims of ineffective assistance should generally be raised in motions pursuant to § 2255 because the record on direct appeal is usually inadequately developed). We have reviewed the trial transcript and find no such indication.

Accordingly, we grant Keith's motion to file an addendum to his reply brief, and affirm Keith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4